IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GENTRY HOMES, LTD., | ) | CIV. NO. 17-00566 HG-RT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SIMPSON STRONG-TIE CO., INC.; | ) | |
| SIMPSON MANUFACTURING CO., | ) | |
| INC.; JOHN DOES 1-20, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

**ORDER GRANTING DEFENDANTS SIMPSON STRONG-TIE CO., INC. AND SIMPSON MANUFACTURING CO., INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING STATUTE OF LIMITATIONS ON PLAINTIFF'S BREACH OF WARRANTY CLAIM (ECF No. 56)**

**and**

**DENYING DEFENDANTS SIMPSON STRONG-TIE CO., INC. AND SIMPSON MANUFACTURING CO., INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING PLAINTIFF'S BREACH OF WARRANTY CLAIM (ECF No. 54)**

**and**

**DENYING DEFENDANTS SIMPSON STRONG-TIE CO., INC. AND SIMPSON MANUFACTURING CO, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING PLAINTIFF'S NEGLIGENT MISREPRESENTATION CLAIM (ECF No. 52)**

Plaintiff Gentry Homes, Ltd. filed a Complaint against Defendants Simpson Strong-Tie Co., Inc. and Simpson Manufacturing Co., Inc. arising out of the construction of more than 2,000 homes in the Ewa Beach community on the island of Oahu.

Gentry Homes, Ltd., the developer of the residential housing community, claims that it constructed 2,136 homes between July

2001 and 2012 using Defendants Simpson Strong-Tie Co. Inc. and Simpson Manufacturing Co., Inc.'s products.

Specifically, the homes were constructed with Defendants' hold-down straps and mudsill anchors that are designed to prevent injuries and damage to the homes that may be caused from wind uplift forces, such as hurricane winds.  The products were subject to an express warranty provided by Defendants.

Plaintiff claims that it used the hold-down straps and mudsill anchors in its construction pursuant to Defendants' specifications.

Plaintiff claims, however, that as early as 2003, Defendants became aware that Defendants' products were defective, were subject to corrosion, and were rusting through the concrete in some homes in other developments in Hawaii.

Plaintiff asserts that Defendants failed to inform Plaintiff of the defects in their products and misrepresented the quality of their products.

On July 30, 2011, both Plaintiff and Defendants were subject to a class action lawsuit in Hawaii State Court that was brought by the homeowners of the development constructed by Plaintiff. The lawsuit claimed that the homes that were designed, developed, and built by Plaintiff had inadequate high-wind protection and included defective products designed by the Defendants.

Both Plaintiff and Defendants agreed to toll any claims against each other during the pendency of the Hawaii State Court

class action lawsuit.  Defendants were granted summary judgment in the state lawsuit and Gentry remained in the suit.

On September 7, 2017, the class action lawsuit against Gentry was settled.  Under the terms of the settlement, Plaintiff Gentry Homes, Ltd. agreed to replace all of the hold-down straps and mudsill anchors that it had installed in its homes that were designed and manufactured by Defendants.

Plaintiff now has filed suit against Defendants Simpson Strong-Tie Co., Inc. and Simpson Manufacturing Co., Inc., seeking damages on the grounds that Defendants' products were defective.

Plaintiff filed this Complaint against Defendants asserting two claims:

**<u>Count I</u>:  Breach of Warranty**

Plaintiff brings a claim for breach of warranty based on alleged defects in the design and manufacturing of the Defendants' products, pursuant to Hawaii Revised Statute § 490:2-313;

**<u>Count II</u>: Negligent Misrepresentation**

Plaintiff brings a state law claim for negligent misrepresentation, alleging Defendants made misrepresentations and omissions to Plaintiff about the installation means, methods, and suitability of their products.

Defendants seek summary judgment on both of Plaintiff's claims.

There are genuine issues of material fact as to the basis

for the purported failure of the hold-down straps and mudsill anchors. Plaintiff claims the products were defective, while Defendants claim that their products are not defective but were only subject to corrosion in Plaintiff's homes because of the improper construction and installation by Plaintiff.

Each party has submitted expert reports in support of their positions. The Court is unable to weigh evidence and make credibility determinations at summary judgment.

Defendants Simpson Strong-Tie Co., Inc. and Simpson Manufacturing Co., Inc.'s Motion for Partial Summary Judgment Regarding Plaintiff's Breach of Warranty Claim (ECF No. 54) is **DENIED.**

Defendants Simpson Strong-Tie Co., Inc. and Simpson Manufacturing Co., Inc.'s Motion for Partial Summary Judgment Regarding Plaintiff's Negligent Misrepresentation Claim (ECF No. 52) is **DENIED.**

### **Statute of Limitations**

Defendants also seek partial summary judgment on the statute of limitations applicable to Plaintiff's breach of warranty claim. Defendants claim that the Hawaii state statute for breach of warranty prevents Plaintiff from seeking relief for products that were delivered outside of the statue of limitations.

Plaintiff concedes that the applicable statute of limitations limits its ability to recover only as to breach of warranty for specific homes that received Defendants' products

outside the statute of limitations.

Defendants Simpson Strong-Tie Co., Inc. and Simpson Manufacturing Co., Inc.'s Motion for Partial Summary Judgment Regarding Statute of Limitations On Plaintiff's Breach of Warranty Claim (ECF No. 56) is **GRANTED**.

## PROCEDURAL HISTORY

On November 20, 2017, Plaintiff Gentry Homes, Ltd. filed a Complaint.  (ECF No. 1).

On August 21, 2019, Defendants Simpson Strong-Tie Co., Inc. and Simpson Manufacturing Co., Inc. filed three separate Motions for Summary Judgment and Concise Statements of Fact as follows:

MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING PLAINTIFF'S NEGLIGENT MISREPRESENTATION CLAIM (ECF No. 52);

CONCISE STATEMENT IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING PLAINTIFF'S NEGLIGENT MISREPRESENTATION CLAIM (ECF No. 53);

MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING PLAINTIFF"S BREACH OF WARRANTY CLAIM (ECF No. 54);

CONCISE STATEMENT IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING PLAINTIFF'S BREACH OF WARRANTY CLAIM (ECF No. 55);

MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING STATUTE OF LIMITATIONS ON PLAINTIFF'S BREACH OF WARRANTY CLAIM (ECF No. 56);

CONCISE STATEMENT IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING STATUTE OF LIMITATIONS ON PLAINTIFF'S BREACH OF WARRANTY CLAIM (ECF No. 57).

On September 5, 2019, the Court issued a briefing schedule. (ECF No. 60).

On September 11, 2019, the Court granted the Parties' joint request to extend the briefing schedule. (ECF No. 61).

On October 22, 2019, Plaintiff filed its Oppositions to Defendants' three Motions for Summary Judgment as follows:

MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING PLAINTIFF'S NEGLIGENT MISREPRESENTATION CLAIM (ECF No. 64);

MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING PLAINTIFF'S BREACH OF WARRANTY CLAIM (ECF No. 65);

CONCISE STATEMENT IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S BREACH OF WARRANTY CLAIM (ECF No. 66);

CONCISE STATEMENT IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON NEGLIGENT MISREPRESENTATION CLAIM (ECF No. 67);

PLAINTIFF'S STATEMENT OF POSITION RE: DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING STATUTE OF LIMITATIONS ON PLAINTIFF'S BREACH OF WARRANTY CLAIM (ECF NO. 68).

On October 23, 2019, Plaintiff filed ERRATA TO PLAINTIFF'S RESPONSE TO SEPARATE AND CONCISE STATEMENT OF FACTS IN SUPPORT OF SIMPSON'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING NEGLIGENT MISREPRESENTATION CLAIM. (ECF No. 69).

On the same date, Plaintiff filed ERRATA TO PLAINTIFF'S CONCISE STATEMENT OF FACTS IN SUPPORT OF GENTRY HOMES, LTD'S MEMORANDUM IN OPPOSITION TO DEFENDANTS SIMPSON STRONG-TIE CO., INC. AND SIMPSON MANUFACTURING CO., INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING PLAINTIFF'S BREACH OF WARRANTY CLAIM. (ECF No. 70).

On October 29, 2019, Defendants filed their Replies and

Concise Statements of Facts in Support of their Replies as follows:

> REPLY REGARDING BREACH OF WARRANTY CLAIM (ECF No. 73);

> CONCISE STATEMENT RE: REPLY REGARDING BREACH OF WARRANTY CLAIM (ECF No. 74);

> REPLY REGARDING NEGLIGENT MISREPRESENTATION CLAIM (ECF No. 75);

> CONCISE STATEMENT RE: REPLY REGARDING NEGLIGENT MISREPRESENTATION CLAIM (ECF No. 76).

On October 30, 2019, the Court continued the hearing on Defendants' Motions for Summary Judgment. (ECF No. 77).

On November 26, 2019, Plaintiff filed SUPPLEMENTAL ERRATA TO PLAINTIFF'S CONCISE STATEMENT OF FACTS IN SUPPORT OF GENTRY HOMES, LTD'S MEMORANDUM IN OPPOSITION TO DEFENDANTS SIMPSON STRONG-TIE CO., INC. AND SIMPSON MANUFACTURING CO., INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING BREACH OF WARRANTY CLAIM. (ECF No. 84).

On the same date, Plaintiff filed SUPPLEMENTAL ERRATA TO PLAINTIFF'S RESPONSE TO SEPARATE AND CONCISE STATEMENT OF FACTS IN SUPPORT OF SIMPSON'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING NEGLIGENT MISREPRESENTATION CLAIM. (ECF No. 85).

On November 27, 2019, Defendants filed DEFENDANTS' NOTICE OF ERRATA RE: SEPARATE AND CONCISE STATEMENT OF FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING PLAINTIFF'S NEGLIGENT MISREPRESENTATION CLAIM. (ECF No. 87).

On the same date, Defendants filed DEFENDANTS' NOTICE OF ERRATA RE: SEPARATE AND CONCISE STATEMENT OF FACTS IN SUPPORT OF

MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING PLAINTIFF'S BREACH
OF WARRANTY CLAIM.  (ECF No. 88).

## BACKGROUND

**Undisputed Facts:**

The Parties agree that Defendants Simpson Strong-Tie Co.,
Inc. and Simpson Manufacturing Co., Inc. ("Defendants Simpson")
designed and manufactured hold-down straps and mudsill anchors to
be used to protect homes from high velocity wind forces.

Defendants' 2002 Wood Connectors Catalog provided an express
warranty for those products stating, as follows:

> Simpson Strong-Tie Company, Inc. warrants catalog
> products to be free from defects in material or
> manufacturing.  Simpson Strong-Tie Co. Inc. products
> are further warranted for adequacy of design when used
> in accordance with design limits in this catalog, and
> properly specified and installed.  This warranty does
> not apply to uses not in compliance with specific
> applications and installation procedures set forth in
> this catalog or to non-catalog or modified products, or
> to deterioration due to environmental conditions.
>
> Simpson Strong-Tie connectors are designed to enable
> structures to resist the movement, stress, and loading
> that results from impact events such as earthquakes and
> high velocity winds.  Properly-installed Simpson Strong
> Tie connectors will perform in accordance with the
> specifications set forth in the applicable Simpson
> catalog.  Additional performance limitations for
> specific products may be listed on the applicable
> catalog pages.

(Limited Warranty in Simpson's 2002 Wood Connectors Catalog
at p. 3, attached as Ex. 12 to Pla.'s Concise Statement of Facts
("CSF") in Opposition, ECF No. 66-15).

The warranty was amended in 2007 to state that "products are

further warranted for adequacy of design when used in accordance with design limits in this catalog and when properly specified, installed, <u>and maintained</u>...."  (Limited Warranty in Simpson's 2007 Wood Connectors Catalog at p. 2, attached as Ex. 13 to Pla.'s CSF in Opposition, ECF No. 66-16) (emphasis added).

The Parties agree that Plaintiff Gentry Homes, Ltd. ("Plaintiff Gentry") used Defendants Simpson's hold-down straps and mudsill anchor products in its residential development in Ewa Beach, Oahu, between 2001 and 2012.

The Parties agree that some of Defendants' hold-down straps and mudsill anchor products that were used in Plaintiff's residential development developed corrosion and deterioration.

The Parties dispute the cause of the corrosion and deterioration.

Plaintiff claims that design and manufacturing defects in Defendants' products caused the corrosion and deterioration.

Defendants dispute Plaintiff's claim and asserts that Plaintiff's improper utilization of their products caused the corrosion and deterioration.

There are also numerous disputes of material facts concerning the representations made by Defendants about their products.  The Parties do not agree about facts concerning the information Defendants had about the corrosion of their products in other developments in Hawaii, and the facts surrounding the communications that Defendants made, or declined to make, about

their products to Plaintiff.

On July 30, 2011, a class action lawsuit against both Plaintiff and Defendants was filed in Hawaii State Court by the homeowners in <u>Nishimura v. Gentry Homes, Ltd.; Simpson Manufacturing Co., Inc.; Simpson Strong-Tie Co., Inc.</u>, Civ. No. 11-1-1522-07 RAN, Circuit Court of the First Circuit, State of Hawaii.

The Parties agree that on January 23, 2012, they agreed to toll any applicable statute of limitations for claims against each other during the pendency of the class action lawsuit in state court, which ultimately concluded on October 15, 2018.

**Defendants' Position:**

Defendants claim that they never made any misrepresentations to Plaintiff about their products.  Defendants claim that Plaintiff Gentry did not properly evaluate the environment where the straps would be installed and that Plaintiff is at fault for any defects in the products due to its improper use of the products in Plaintiff's construction.

Defendants assert that Plaintiff Gentry's actions were the cause of the products' corrosion and deterioration.

Defendants claim that Plaintiff Gentry's Engineer of Record, Clayton Hayes, chose the incorrect products for Plaintiff's development and failed to consider Defendants' corrosion warnings.  (Arbitration Testimony of Clayton Hayes at pp. 1035-

36, attached as Ex. F to Def.'s First Concise Statement of Facts ("CSF"), ECF No. 53-12).

Defendants submitted a report by their experts Dominic J. Kelly, P.E. and Matthew R. Sherman. (Def.'s Expert Report dated May 1, 2019, attached as Ex. 2 to Def.'s Second CSF and Kelly Declaration, ECF No. 55-14). Defendants' experts state in their report that Plaintiff Gentry's inadequate design of its homes and poor installation created moisture intrusion under the homes, which subjected Defendants' products to corrosion. (Id. at pp. 28-38).

**Plaintiff's Position:**

Plaintiff contends that Defendants' faulty design and manufacturing defects caused the Defendants' hold-down straps and mudsill anchor products to corrode and prematurely deteriorate.

Plaintiff claims that Defendants represented that their hold-down straps and mudsill anchors were superior alternatives to anchor bolts. (Deposition of Clayton Hayes at p. 116, attached as Ex. 14 to Pla.'s Second CSF in Opp., ECF No. 67-15; Declaration of Clayton Hayes at ¶¶ 9-10, attached to Pla.'s Second CSF, ECF No. 67-34).

Plaintiff also claims that Defendants represented their products to be the most thoroughly tested products in the industry that were backed by "No Equal" and "Quality" policies. (Hayes Declaration at ¶¶ 17-18, attached to Pla.'s Second CSF,

ECF No. 67-34).

Plaintiff asserts that in 2005, Defendants learned that their products used in other developers' homes on Oahu were corroding and began investigating the causes of corrosion. (Deposition of Timothy J. Waite at pp. 129, 133-35, attached as Ex. 4 to Pla.'s Second CSF in Opp., ECF No. 67-5).

Plaintiff alleges that Defendants never informed Plaintiff of the results of their investigation or informed Plaintiff of the conditions that Defendants believed contributed to corrosion. (Id. at pp. 124-25; 137-38).

Plaintiff claims that in 2007, Defendants reviewed and approved plans by Plaintiff to include Defendants' hold-down straps and mudsill anchors in Plaintiff's construction. (Deposition of Timothy J. Waite, at pp. 230-232, attached as Ex. 9 to Pla.'s First CSF in Opp., ECF No. 66-12; Exhibit for the Deposition of Timothy J. Waite, attached as Ex. 17 to Pla.'s First CSF in Opp., ECF No. 66-20).

Plaintiff asserts that in October 2009, Defendants inspected Plaintiff's job site and never notified Plaintiff that Plaintiff was installing Defendants' products in a manner that Defendants believed to be faulty. (Arbitration Testimony of Timothy J. Waite, at pp. 1127-28, 1157, attached as Ex. 8 to Pla.'s First CSF in Opp., ECF No. 66-11).

Plaintiff submitted an expert report by Mark A. Lawrence, Ph.D., P.E. (Pla.'s Expert Report for Mark A. Lawrence, dated

April 1, 2019, attached as Ex. 6 to Pla.'s CSF in Opp., ECF No. 66-9). Dr. Lawrence opines that Plaintiff's installation and residential design were not responsible for the deterioration or corrosion of Defendants' products. (Id. at p. 2).

Plaintiff also submitted an expert report by David A. Moore, P.E. (Pla.'s Expert Report for David A. Moore, P.E., dated April 1, 2019, attached as Ex. 7 to Pla.'s CSF in Opp., ECF No. 66-10). Mr. Moore opines that Defendants Simpson's products were not adequately designed and did not comply with the representations in Defendants' warranty. (Id. at p. 13).

## STANDARDS OF REVIEW

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). To defeat summary judgment there must be sufficient evidence that a reasonable jury could return a verdict for the nonmoving party. Nidds v. Schindler Elevator Corp., 113 F.3d 912, 916 (9th Cir. 1997).

The moving party has the initial burden of "identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party, however, has no burden

to negate or disprove matters on which the opponent will have the burden of proof at trial. The moving party need not produce any evidence at all on matters for which it does not have the burden of proof. <u>Celotex</u>, 477 U.S. at 325. The moving party must show, however, that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. That burden is met by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case. <u>Id.</u>

If the moving party meets its burden, then the opposing party may not defeat a motion for summary judgment in the absence of probative evidence tending to support its legal theory. <u>Commodity Futures Trading Comm'n v. Savage</u>, 611 F.2d 270, 282 (9th Cir. 1979). The opposing party must present admissible evidence showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); <u>Brinson v. Linda Rose Joint Venture</u>, 53 F.3d 1044, 1049 (9th Cir. 1995). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." <u>Nidds</u>, 113 F.3d at 916 (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249-50 (1986)).

The court views the facts in the light most favorable to the non-moving party. <u>State Farm Fire & Cas. Co. v. Martin</u>, 872 F.2d 319, 320 (9th Cir. 1989). Opposition evidence may consist of declarations, admissions, evidence obtained through discovery, and matters judicially noticed. Fed. R. Civ. P. 56(c); <u>Celotex</u>,

477 U.S. at 324.  The opposing party cannot, however, stand on its pleadings or simply assert that it will be able to discredit the movant's evidence at trial.  Fed. R. Civ. P. 56(e); T.W. Elec. Serv., 809 F.2d at 630.  The opposing party cannot rest on mere allegations or denials.  Fed. R. Civ. P. 56(e); Gasaway v. Northwestern Mut. Life Ins. Co., 26 F.3d 957, 959-60 (9th Cir. 1994).  When the nonmoving party relies only on its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact.  Hansen v. U.S., 7 F.3d 137, 138 (9th Cir. 1993); see also Nat'l Steel Corp. v. Golden Eagle Ins. Co., 121 F.3d 496, 502 (9th Cir. 1997).

## ANALYSIS

### COUNT I:  Breach of Warranty

#### A.    Statute of Limitations

Plaintiff brings its breach of warranty claim pursuant to Hawaii's Uniform Commercial Code in Haw. Rev. Stat. § 490:2-313.

The Hawaii Uniform Commercial Code provides a statute of limitations for breach of warranty claims, as follows:

**Statute of Limitations In Contracts For Sale.**

> (1)  An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued.  By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.

> (2)  A cause of action accrues when the breach occurs, regardless of the aggrieved party's

15

> lack of knowledge of the breach.  A breach of
> warranty occurs when tender of delivery is
> made, except that where a warranty explicitly
> extends to future performance of the goods
> and discovery of the breach must await the
> time of such performance the cause of action
> accrues when the breach is or should have
> been discovered....

Haw. Rev. Stat. § 490:2-725.

The Parties agree that Plaintiff's breach of warranty claim is subject to the four-year statute of limitations pursuant to Section 490:2-725.

On January 23, 2012, the Parties engaged in a tolling agreement where they agreed to toll any claims against each other during the pendency of the Hawaii state class action lawsuit.

The Parties agree that pursuant to their tolling agreement and the four-year statute of limitations for breach of warranty, Plaintiff may bring breach of warranty claims for products that were delivered to it between January 23, 2008 and January 23, 2012.

The Parties agree that Defendants' products were delivered to the following homes prior to January 23, 2008, and that Plaintiff may not seek damages for breach of warranty as to these homes:

Haleakea (Area 36):      Lots 1-13, 15-103;

Haleakea (Area 37):      Lots 40-41;

Cypress Point (Area 36): Lots 104-24, 126-30;

Latitudes (Area 40):     Lots 3-6, 49-67, 89-92, 99-
                         102;

| Montecito (Area 33): | Lots 1-143; |
| Tuscany (Area 33): | Lots 1-139; and, |
| Tuscany (Area 39): | Lots 1-22, 100-13, 200-08, 300-13, 400-15, 500-17, and 600-22. |

(Pla.'s Opp. at p. 3, ECF No. 68).

Defendants Simpson Strong-Tie Co., Inc. and Simpson Manufacturing Co., Inc.'s Motion for Partial Summary Judgment Regarding Statute of Limitations on Plaintiff's Breach of Warranty Claim (ECF No. 56) is **GRANTED.**

## B.    Substantive Breach Of Warranty Claim

Plaintiff Gentry Homes, Ltd. ("Plaintiff Gentry") claims that Defendants Simpson Strong-Tie Co., Inc. and Simpson Manufacturing Co., Inc. ("Defendants Simpson") made express warranties that their hold-down straps and mudsill anchor products were free from defects in material or manufacturing, and for adequacy of design.  (Complaint at ¶ 42, ECF No. 1). Plaintiff claims that it was injured as a result of Defendants' breach of warranties.

Haw. Rev. Stat. § 490:2-313 of Hawaii's Uniform Commercial Code defines express warranties, as follows:

(1)  Express warranties by the seller are created as follows:

(a)  Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

> (b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.
>
> (c) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.
>
> (2) It is not necessary to the creation of an express warranty that the seller use formal words such as "warrant" or "guarantee" or that he have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely what seller's opinion or commendation of the goods does not create a warranty.

Haw. Rev. Stat. § 490:2-313.

To establish a breach of express warranty claim, Plaintiff must prove:

> (1) Defendants made an affirmation of fact or promise regarding their products;
>
> (2) that statement became part of the basis of the bargain; and,
>
> (3) the product failed to perform according to the statement.

Maeda v. Pinnacle Foods Inc., 390 F.Supp.3d 1231, 1254 (D. Haw. 2019) (citing Neilsen v. Am. Honda Motor Co., Inc., 989 P.2d 264, 274-75 (Haw. Ct. App. 1999)).

A seller's statements to a buyer regarding goods sold or made during the bargaining process are presumptively part of the basis of the bargain between the seller and the buyer. Torres v. Nw. Eng'g Co., 949 P.2d 1004, 1015 (Haw. Ct. App. 1997).

A breach of express warranty action focuses on what the seller agreed to sell and whether the product delivered by the

seller complied with the statements or description of what the seller agreed to sell. <u>Stoebner Motors, Inc. v. Automobili Lamborghini S.P.A.</u>, 459 F.Supp.2d 1028, 1035 (D. Haw. 2006) (citing <u>Torres</u>, 949 P.2d at 1014)).

Plaintiff claims that Defendants' hold-down straps and mudsill anchors did not comply with the Defendants' statements and descriptions of the products, because they corroded and deteriorated in the homes Plaintiff constructed, requiring Plaintiff to replace them as a result of the settlement of the state court class action.

Defendants' motion for summary judgment on the breach of warranty claim disputes that their products were faulty. Defendants request the Court find that their warranty does not apply in this case because Defendants claim that Plaintiff did not use their products in compliance with Defendants' specifications.

Defendants claim their products were subject to corrosion and deterioration because of Plaintiff's improper use and installation of their products. Defendants have submitted expert opinions to support their position. (Def.'s Expert Report dated May 1, 2019, attached as Ex. 2 to Def.'s CSF and Kelly Declaration, ECF No. 55-14).

Plaintiff has submitted expert opinions of its own, which have raised genuine issues of material fact as to the cause of the corrosion and deterioration of Defendants' products.

Plaintiff's experts dispute Defendants' position.[1]  (Pla.'s
Expert Report for Mark A. Lawrence, dated April 1, 2019, attached
as Ex. 6 to Pla.'s CSF in Opp., ECF No. 66-9; Pla.'s Expert
Report for David A. Moore, P.E., dated April 1, 2019, attached as
Ex. 7 to Pla.'s CSF in Opp., ECF No. 66-10; Pla.'s Rebuttal
Expert Report for Boyd A. Clark, Ph.D., attached as Ex. 28 to
Pla.'s CSF in Opp., ECF No. 66-31; Pla.'s Expert Report for Gary
Chock, S.E., attached as Ex. 10 to Pla.'s 2nd Opp., ECF No. 67-
11).

Plaintiff also offers testimony from its Engineer of Record
who claims that Defendants' products were properly utilized
pursuant to Defendants' representations in its catalogs.  (Hayes
Declaration at ¶¶ 14-24, attached to Pla.'s CSF in Opp., ECF No.
67-34).

When evaluating a motion for summary judgment, the Court
must view the facts and draw reasonable inferences in the light
most favorable to the party opposing summary judgment.  Scott v.

---

[1] Defendants claim that Plaintiff did not properly
authenticate its expert reports and failed to timely disclose
their experts' c.v.'s in support of their Opposition to
Defendants' Motions.  Defendants' argument is unpersuasive.  To
survive summary judgment, a party does not have to produce
evidence in a form that would be admissible at trial, as long as
the content of the evidence is admissible.  Block v. City of
L.A., 253 F.3d 410, 418-19 (9th Cir. 2001).  The content of
Plaintiff's expert reports may be admissible at trial through
expert testimony and is considered for purposes of summary
judgment.  Fraser v. Goodale, 342 F.3d 1032, 1036 (9th Cir.
2003); Campos v. Costco Wholesale Corp., 2018 WL 7348846, *2
(C.D. Cal. Dec. 21, 2018) (considering expert report on summary
judgment despite lack of foundation and hearsay objections
because the contents of the report could be presented at trial).

<u>Harris</u>, 550 U.S. 372, 380 (2007).  The Court may not weigh conflicting evidence or assess credibility.  <u>In re Barboza</u>, 545 F.3d 702, 707 (9th Cir. 2008).

Defendants Simpson Strong-Tie Co., Inc. and Simpson Manufacturing Co., Inc.'s Motion for Partial Summary Judgment Regarding Plaintiff's Breach of Warranty Claim (ECF No. 54) is **DENIED**.

## Count II: <u>Negligent Misrepresentation</u>

Negligent misrepresentation has the following elements: (1) false information supplied as a result of the failure to exercise reasonable care or competence in communicating the information; (2) reliance on that false information, and (3) resulting loss. <u>Santiago v. Tanaka</u>, 366 P.3d 612, 628-29 (Haw. 2016).

Again, the Parties dispute the material facts regarding Plaintiff's cause of action.  Defendants argue that their statements about their products were not false, that Plaintiff Gentry did not rely on Defendants' statements about their products, and that Plaintiff was not harmed as a result of Defendants' statement.

Plaintiff disputes each of Defendants' claims, asserting that Defendants provided Plaintiff with false information regarding the suitability of its hold-down straps and mudsill anchor products, including its "No Equal Policy," marketing materials, and statements by Defendants' representatives.

Plaintiff also claims that Defendants omitted material information by failing to inform Plaintiff of corrosion of their products in other Oahu developments.

The Parties each provided expert opinions as to the cause of the corrosion of the products.

It is inappropriate for the Court to weigh the disputed evidence before it or to engage in credibility determinations in ruling on summary judgment. Bill Darrah Builders, Inc. v. Hall at Makena Place, LLC, Civ. No. 15-00518 JMS-KSC, 2018 WL 650195, at *8 (D. Haw. Jan. 31, 2018) (denying summary judgment on a negligent misrepresentation claim, and explaining that credibility determinations and the weighing of evidence are functions for the fact-finder and are not permissible in ruling on a motion for summary judgment).

Defendants Simpson Strong-Tie Co., Inc. and Simpson Manufacturing Co., Inc.'s Motion for Partial Summary Judgment Regarding Plaintiff's Negligent Misrepresentation Claim (ECF No. 52) is **DENIED.**

The Parties' various factual disputes do not allow for a finding of summary judgment. The factual issues in dispute cover the construction of more than 2,000 homes over a period of several years. The analysis requires detailed examination of numerous aspects of the design and building of the homes. For example, factual questions about the appropriateness of the concrete used, the quality and mix of the various components, and

the question of chlorides present in the concrete are a fraction of the factual issues in dispute.  Such factual disputes require detailed analyses and credibility evaluations in order to begin to answer the multi-layered questions that are presented in this case.

## CONCLUSION

Defendants Simpson Strong-Tie Co., Inc. and Simpson Manufacturing Co., Inc.'s Motion for Partial Summary Judgment Regarding Statute of Limitations on Plaintiff's Breach of Warranty Claim (ECF No. 56) is **GRANTED.**

Defendants Simpson Strong-Tie Co., Inc. and Simpson Manufacturing Co., Inc.'s Motion for Partial Summary Judgment Regarding Plaintiff's Breach of Warranty Claim (ECF No. 54) is **DENIED.**

//

//

//

//

//

//

//

//

//

//

Defendants Simpson Strong-Tie Co., Inc. and Simpson Manufacturing Co., Inc.'s Motion for Partial Summary Judgment Regarding Plaintiff's Negligent Misrepresentation Claim (ECF No. 52) is **DENIED.**

IT IS SO ORDERED.

DATED:  December 9, 2019, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

Gentry Homes, Ltd. v. Simpson Strong-Tie Co., Inc.; Simpson Manufacturing Co., Inc., Civ. No. 17-00566 HG-RT; **ORDER GRANTING DEFENDANTS SIMPSON STRONG-TIE CO., INC. AND SIMPSON MANUFACTURING CO., INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING STATUTE OF LIMITATIONS ON PLAINTIFF'S BREACH OF WARRANTY CLAIM (ECF No. 56) and DENYING DEFENDANTS SIMPSON STRONG-TIE CO., INC. AND SIMPSON MANUFACTURING CO., INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING PLAINTIFF'S BREACH OF WARRANTY CLAIM (ECF No. 54) and DENYING DEFENDANTS SIMPSON STRONG-TIE CO., INC. AND SIMPSON MANUFACTURING CO, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING PLAINTIFF'S NEGLIGENT MISREPRESENTATION CLAIM (ECF No. 52)**

24